NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-692

KILPATRICK INVESTMENTS, INC.

VERSUS

T. T. LABORDE D/B/A T. T. LABORDE HEATING-AIR-ELECTRICAL

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6323-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED.

John Taylor Bennett
Bennett Law Office
Post Office Box 275
Marksville, LA 71351
(318) 253-4631
COUNSEL FOR DEFENDANT/APPELLEE:
    T. T. Laborde d/b/a T. T. Laborde Heating-Air-Electrical

**Cory Paul Roy**
**Attorney at Law**
**Post Office Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Kilpatrick Investments, Inc.**

**EZELL, Judge.**

The plaintiff in reconvention-appellee, T.T. Laborde d/b/a T.T. Laborde Heating-Air-Electrical (Laborde), moves to dismiss the appeal of the defendant in reconvention-appellant, Kilpatrick Investments, Inc. (Kilpatrick). For the reasons which follow, we grant the motion to dismiss at Kilpatrick's cost.

The instant suit arises out of a construction project. Kilpatrick hired Laborde to perform the electrical work in an office building it was having constructed. After completion of the project, electrical problems began to be noticed. After corrective work was performed by Laborde and other electrical contracting companies on the electrical and air conditioning problems, Kilpatrick filed suit naming Laborde as the sole defendant. Laborde filed a reconventional demand seeking reimbursement for certain bills for work and materials allegedly incurred beyond the contract price.

Following trial of the claims, the trial court entered judgment against Kilpatrick and denied the reconventional demand based on the finding that an award on the reconventional demand would have only been viable if there had been a judgment in favor of Kilpatrick. Both parties appealed the respective adverse portions of the trial court's final judgment. In an unpublished opinion, this court affirmed the trial court's judgment against Kilpatrick on the principal demand, but this court reversed the trial court's denial of the reconventional demand and remanded the case for the trial court to enter a ruling on the amount of Laborde's damages. *Kilpatrick Investments, Inc. v. T.T. Laborde d/b/a T.T. Laborde Hearing-Air-Electrical*, 2008-630 (La.App. 3 Cir. 3/11/09)(unpublished opinion).

On remand, the trial court entered judgment in favor of Laborde in the amount of $12,584.29, plus interest from the date of the reconventional demand's filing and costs, which judgment was signed on November 10, 2011. Notice of this judgment was mailed to all counsel of record on November 15, 2011.

Kilpatrick filed a pleading entitled Unopposed Motion for New Trial on June 21, 2012. Although this pleading indicated that Laborde did not oppose the motion for new trial, Laborde filed an Exception of Res Judicata. In a written judgment signed December 13, 2012, the trial court denied the exception and ruled as it had before that Kilpatrick owed Laborde $12,584.29, plus interest and costs. The record on appeal does not reflect that notice of this judgment was mailed by the district court's clerk's office.

Again, Kilpatrick filed another Motion for New Trial on January 3, 2013. Again, the trial court held that Kilpatrick owed $12,584.29 to Laborde, plus interest and costs, in a written judgment signed on December 26, 2013. Notice of this judgment was mailed to counsel of record on January 6, 2014.

Once again, Kilpatrick filed a Motion for New Trial, this time on January 17, 2014. Once again, the trial court denied this motion by written judgment signed on February 14, 2014. Therefore, Kilpatrick filed its Motion for Appeal on April 14, 2014.

Laborde filed the instant motion to dismiss Kilpatrick's appeal arguing that all of Kilpatrick's motions for new trial have been filed untimely and that this matter is res judicata. Kilpatrick has filed no response to the motion to dismiss. In examining the record, we find it suffices to limit this court's ruling to whether the final motion for new trial was timely.

A party has seven days, exclusive of holidays, from the mailing of notice of judgment within which to file a motion for new trial. La.Code Civ.P. art. 1974. As set forth above, notice of the trial court's written judgment of December 26, 2013, which is the judgment appealed herein, was mailed by the district court's clerk's office on January 6, 2014. Therefore, Kilpatrick had until January 15, 2014, to file a timely motion for new trial. Thus, the filing of the motion for new trial on January 17, 2014, was clearly untimely.

The delays for perfecting a devolutive appeal are set forth in La.Code Civ.P. art. 2087. Since only a timely motion for new trial affects the delay for filing a devolutive appeal, Kilpatrick had sixty days from the expiration of the delay for filing a timely motion for new trial within which to perfect its appeal, which time period ended on March 17, 2014. La.Code Civ.P. art. 2087(A)(1). As Kilpatrick's motion for appeal was not filed until April 14, 2014, we find that the instant appeal is untimely. Therefore, we hereby dismiss this appeal at Kilpatrick's cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.